## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

                                   Plaintiff,

vs.

MANNIX FRANK SONGENI
and KASON ANDON,

                                   Defendants.

Criminal Case No. CF0124-24

**DECISION AND ORDER ON MOTION TO SEVER**

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on July 25, 2025, for a Motion Hearing addressing Defendant Mannix Frank Songeni's Motion to Sever. Attorney Terrence E. Timblin appeared for Defendant Mannix Songeni, Attorney Thomas J. Fisher appeared for codefendant Kason Andon, and Assistant Attorney General Christine S. Tenorio appeared for the People of Guam ("People"). The Court now issues the following order **DENYING** the Motion to Sever.

## PROCEDURE

On July 25, 2025, Defendant Mannix Frank Songeni filed his Motion to Sever on July 25, 2025. Defendant Mannix Frank Songeni's Motion to Sever (July 25, 2025). The People provided their Opposition to the Motion at the Motion Hearing that same day. Counsel for Defendant Kason Andon also orally moved to Sever the case on the morning of the beginning of trial, July 28, 2025. The Court reviewed the Motions and applicable law and issued a preliminary

Decision and Order on Motion to Sever
CF0124-24, *People of Guam v. Mannix Frank Songeni & Kason Andon*
Page **1** of **4**

ruling to Defendant Songeni's Motion on July 25, 2025. The Court now issues the formal Decision and Order related to that ruling.

## RULINGS

The Court **DENIES** Defendant's Motion to Sever because Defendants have not shown a serious risk that a joint trial would compromise one or more of Defendants' specific trial rights. Guam law allows for joinder of two or more defendants in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." 8 GCA § 55.35(b). The Court has the authority to grant a severance of defendants or provide whatever other relief justice requires "if it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together..." 8 GCA § 65.35.

However, this authority does not mean that all cases with codefendants where the joint nature of the proceedings has the potential to create prejudice should automatically be severed. Under *Zafiro v. US*, the United States Supreme Court stated that severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." 506 U.S. 534, 539 (1993) (interpreting Fed. R. Crim. P. 14(e)).

A defendant's right to confront and cross-examine witnesses against him is violated if the jury is presented with a non-testifying co-defendant's confession or statements that incriminate the defendant because that co-defendant has a constitutional right not to testify at trial. US Const. Amend. VI; *Bruton v. United States*, 391 U.S. 123, 127-128 (1968). Indeed, if Defendant Andon's statements to police were to come into evidence and Mr. Andon does not

Decision and Order on Motion to Sever
CF0124-24, *People of Guam v. Mannix Frank Songeni & Kason Andon*
Page **2** of 4

testify, Defendant Songeni would be denied his right under the Confrontation Clause to confront and cross examine him as a witness because of Mr. Andon's right not to incriminate himself or testify in his own trial.

Additionally, counsel for Defendant Kason Andon has argued that the Court's decision to allow the government to present evidence of Defendant Songeni's prior convictions under GRE 404(b) would unfairly prejudice his client, Kason Andon.

While the Court understands these concerns, the People have represented and the Court agrees that there is another possible non-severance solution. At the Motion hearing, the People represented to the Court and Defendants that any witnesses will be instructed not to testify regarding any accusations made by one defendant against the other. The Court is aware that there are accusations in the evidence from Mr. Andon aimed at Mr. Songeni. The Prosecution has made clear that these accusations will not come into evidence and will be omitted from any and all testimony. Furthermore, the jury will be specifically instructed that prior convictions of one defendant are not to be applied as evidence of guilt of their codefendant.

The only "specific trial right of one of the defendants" alleged by counsel for Defendant Songeni was his right under the Confrontation clause and *Bruton* case law. However, if the Prosecution agrees that no testimony will be presented which involves a statement of one defendant incriminating the other, then there is no Confrontation clause or *Bruton* issue. Counsel for Defendant Andon alleged no specific trial right that would be violated by a failure to sever, other than "unfair prejudice." The Court believes limiting jury instructions are sufficient to address any such prejudice. As there is not a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment

Decision and Order on Motion to Sever
CF0124-24, *People of Guam v. Mannix Frank Songeni & Kason Andon*
Page 3 of 4

about guilt or innocence," the Court does not believe it is necessary to sever the co-defendants. *Zafiro,* 506 U.S. 534 at 539.

Furthermore, the Court is also aware of the sensitive nature of the crime Defendants are accused of, and believes it is in the particular interest of the alleged victim in this case to only require the victim to testify at one trial, which can be achieved by a joint trial.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant Songeni's Motion to Sever and **DENIES** Defendant Kason Andon's Motion to Sever. Trial for both Defendants will go forward as scheduled.

SO ORDERED, this _____ day of ___**JUL 2 8 2025**___ 2025.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, T. Timblin, T. Fisher
Date: 7/28/25 Time: 3:16pm
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order on Motion to Sever
CF0124-24, *People of Guam v. Mannix Frank Songeni & Kason Andon*
Page 4 of 4